IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL YOUNG,

                    Plaintiff,                                   OPINION AND ORDER

          v.
                                                                 13-cv-077-wmc
SHERIFF RONALD CRAMER,

                    Defendant.

---

In this proposed action, plaintiff Michael Young alleges that defendant Ronald Cramer, the Sheriff of Eau Claire, Wisconsin, violated his rights under the United States Constitution by denying him medical care.  Plaintiff asked for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915, and the court has concluded from the financial affidavit, that he is unable to prepay the fee for filing this lawsuit.  The next step is determining whether plaintiff's proposed action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Because the allegations do not meet the requirements of Federal Rule of Civil Procedure 8, the court will dismiss the complaint without prejudice.

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations generously.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  For purposes of this screening order, the court assumes the following material, factual allegations in his complaint are undisputed.

- On September 16 and 17, 2012, Young became ill while being held at the Eau Claire County Jail.

- Defendant Ronald Cramer is the sheriff of Eau Claire County.

- Young alleges that Cramer and his "jailers" refused to take him to see a doctor, even though he offered to use his insurance card and reimburse the jail $10 for gasoline.

OPINION

## I. Screening Order

From other complaints Young has filed, this court is aware that Young was arrested without a warrant on September 15, 2012. (*See* Compl. (dkt. #12-cv-840).) The relevant period of incarceration, therefore, occurred *before* any trial, although it is unclear whether the alleged denial of medical care occurred before or after a probable cause hearing. If the denial of medical treatment occurred before a probable cause hearing, then Young's proposed claim falls under the protections of the Fourth Amendment and its "objectively unreasonable" standard. The "Fourth Amendment governs the period of confinement between an arrest without a warrant and the preliminary hearing at which a determination of probable cause is made, while due process regulates the period of confinement after the initial determination of probable cause." *Lopez v. City of Chi.*, 464 F.3d 711, 719 (7th Cir. 2006). If the denial occurred after a probable cause hearing, then Young's claim falls under Fourteenth Amendment and its deliberate indifference standard. *Id.* Since either may be true, the court will screen plaintiff's claims under both standards.

The Fourteenth Amendment prohibits jail officials from showing deliberate indifference to prisoners' serious medical needs or suffering. *Estelle v. Gamble*, 429 U.S.

97, 103 (1976).[1]  To state a deliberate indifference claim, a plaintiff must allege facts from which it may be inferred that he had a serious medical need and that prison officials were deliberately indifferent to that need. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).  "Serious medical needs" include (1) conditions that are life-threatening or that carry risk of permanent serious impairment if left untreated, (2) those in which the deliberately indifferent withholding of medical care results in needless pain and suffering, or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez*, 111 F.3d at 1371-73.  A prison official has acted with deliberate indifference when the official "knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (citing *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002)).

"The Fourth Amendment requires only proof that the defendants' conduct was objectively unreasonable under the circumstances." *Lopez*, 464 F.3d at 718.  The following four factors govern the determination of whether a response to an inmate's medical needs is objectively reasonable:  (1) "the officer be given notice of the arrestee's medical need, whether by word  . . . or through observation of the arrestee's physical symptoms"; (2) "the seriousness of the medical need"; (3) "the scope of the requested treatment"; and (4) "police interests . . . includ[ing] administrative, penological, or investigatory concerns." *Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007).

---

[1] *Estelle v. Gamble* concerned constitutional violations under the Eighth Amendment, but "the same standard applies for pretrial detainees and incarcerated individuals, though pursuant to the Fourteenth Amendment rather than the Eighth Amendment." *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012).

In his complaint, Young simply alleges that he "became sick and ill" and that he wanted "to get medical treatment and see a doctor." (Compl. (dkt. #1) ¶ 1.) Without additional factual allegations about the nature and details of his medical condition, the court cannot determine whether Young had a "serious medical need" or the "seriousness of his medical need," an element of his claim regardless of whether he is proceeding under the Fourth or Fourteenth Amendment. As such, plaintiff will have until 21 days from this order to file an amended complaint that contains sufficient allegations for the court to determine whether Young has plead that he had a serious medical need. Moreover, Young should inform the court of the date of his probable cause hearing. If plaintiff does this, the court will take the amended complaint under advisement for screening pursuant to 28 U.S.C. § 1915. **If he fails to respond to this order by October 24, 2013, however, the court will dismiss this claim without prejudice and close this case.**

## II. Motion for Assistance in Recruitment of Counsel

In a letter to the court, Young asked the court to appoint him an attorney in the cases pending before this court. (Dkt. #7.) Litigants in civil cases do not have a constitutional right to a lawyer. Federal judges have discretion to determine whether assistance in the recruitment of counsel is appropriate in a particular case. *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007). In determining whether to assist Young, the court must first find that plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful, or that he has been prevented from making such efforts.

*Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992).   To prove that assistance in recruiting counsel is necessary, Young must (1) give the court the names and addresses of at least three lawyers who declined to represent him in this case, and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's demonstrated ability to prosecute it.  *Pruitt*, 503 F.3d at 655.

As previously discussed, Young has failed to meet the first prerequisite.  Even if Young had attempted to retain counsel, in his motion, he provides no basis for granting the request.  Any limitations in Young's knowledge of the law or caused by his indigency are virtually universal among *pro se* litigants, and not an adequate basis for the relief sought.  The court has explained the law surrounding the deliberate indifference claim for which Young has been granted leave to proceed. Plaintiff has personal knowledge of the circumstances surrounding this claim.  Accordingly, Young's motion to assist in retaining counsel will be denied.  The denial, however, is without prejudice to plaintiff renewing his motion at a later stage of the proceedings, assuming Young files an amended complaint which complies with Rule 8 and this court screens that complaint to go forward.

## ORDER

IT IS ORDERED that:

1) plaintiff Michael Young's complaint is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8;

2) plaintiff may have until October 24, 2013, in which to file an amended complaint that complies with this Opinion and Order.  If plaintiff fails to file an amended complaint by that date, the clerk's office is directed to close this case; and

3) plaintiff's request for assistance in recruiting counsel (dkt. #5) is DENIED; and

Entered this 3rd day of October, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge